UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　v.<br>EDWARD SMITH,<br><br>　　　　Defendant. | Case No. 3:15-cr-00061-HDM-WGC<br>　　　　　3:21-cv-00248-HDM<br><br>ORDER |

On June 6, 2022, the court denied Smith's motion for 28 U.S.C. § 2255 relief and request for an evidentiary hearing (ECF No. 946). Smith filed a notice of appeal and, subsequently, a motion for leave to file a motion for rehearing (ECF No. 952) and a motion to expand the record (ECF No. 956). The appeal has been stayed pending resolution of Smith's motion (ECF No. 954). The government has responded to the motion for rehearing (ECF No. 953), and Smith has replied (ECF No. 957).

Smith's motion for leave (ECF No. 952) to file a motion for rehearing and motion to expand the record (ECF No. 956) are granted. The defendant's motion for rehearing (ECF Nos. 952-2 & 952-3)[1], construed as a motion for reconsideration, is, for the following reasons, denied.[2]

---

[1] The full motion and attachments are docketed at ECF No. 952-2. However, because the attachments to the motion include several pages of inappropriate material, ECF No. 952-2 has been sealed. An unsealed version of the motion, omitting the offending attachments, is docketed at ECF No. 953-3.

[2] A "motion for rehearing" is not the proper vehicle for Smith's arguments. Not only does Smith cite a rule of appellate procedure as the legal basis for his motion, (see ECF No. 957 at 2), but because Smith is asking for reconsideration of the court's order denying an evidentiary hearing, and, accordingly, reconsideration of the disposition of his claims, his motion is properly considered a motion for reconsideration.

1

Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Sw. Circle Group, Inv. v. Perini Bldg. Co.*, 2010 WL 4606999, at *1 (D. Nev. Nov. 5, 2010) (internal citations and punctuation omitted). Accordingly, a motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). At the same time, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (italics original).

Smith argues that the court should have conducted an evidentiary hearing on Grounds Three, Six and Seven. All three claims rested on Smith's assertion that the $1,500.00 wire transfer was not of proceeds from the sale of drugs but instead was of proceeds from the sale of smuggled pornography and stamps. The court denied each of these ineffective-assistance-of-counsel claims for two reasons. First, Smith did not provide

2

any evidence in support, such as affidavits or declarations from any of the witnesses he asserted should have been called identifying what they would have testified. Second, it was not reasonably likely the jury would have voted to acquit Smith on the money laundering charge even if the evidence as Smith claimed it existed had been presented at trial.

Smith contends that he did provide evidence in support of his assertions – in the form of his verified motion – and thus an evidentiary hearing was required to resolve his factual claims. "Under appropriate circumstances, a verified pleading 'may be treated as an affidavit to the extent that [it] is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify.'" *United States v. Sarad*, 2017 WL 5192354, at *4 (E.D. Cal. Nov. 9, 2017) (citing *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985)). The allegations that Smith asserts were evidence established by his verified pleading do not meet this standard. They were not within his personal knowledge or admissible in evidence, nor was he competent to testify to what other people may have testified. The motion for reconsideration does not rectify this problem, as Smith still fails to provide a single affidavit or declaration from any of the witnesses. Rather, he provides only affidavits from his prior attorney outlining what counsel believed each witness would have to say. This, likewise, is not competent or admissible evidence.

Furthermore, even if admissible evidence had been provided on this point, it would not change the court's conclusion that

3

Smith suffered no prejudice from the failure to call these witnesses. An evidentiary hearing was therefore not required.

Smith argues that an evidentiary hearing was required so that he could subpoena the witnesses and obtain their testimonies in that way. However, a defendant is not entitled to an evidentiary hearing on the basis of conclusory and unsubstantiated assertions.

Smith also asserts that his former attorneys should have been called to testify at an evidentiary hearing. As resolution of Smith's claims did not require consideration of counsel's testimony, an evidentiary hearing was not necessary on this basis.

The remainder of Smith's motion for reconsideration primarily attacks Rodriguez's credibility and raises a number of new claims that were not part of his original motion. A motion for reconsideration is not the appropriate place to raise new arguments, or provide new evidence, and it certainly is not the appropriate place for raising new claims. Accordingly, nothing in the remainder of Smith's motion for reconsideration persuades the court that its ruling was incorrect or that an evidentiary hearing was warranted.

In accordance with the foregoing, IT IS ORDERED that Smith's motion to expand record (ECF No. 956) and motion for leave to file his motion for rehearing (ECF No. 952) are GRANTED.

IT IS FURTHER ORDERED that Smith's motion for reconsideration (ECF No. 952-2 & 952-3) is DENIED.

4

IT IS FURTHER ORDERED that to the extent the defendant seeks leave from this court to proceed *in forma pauperis* on appeal (ECF No. 950), the motion is denied as unnecessary. The defendant is entitled to pauper status on appeal unless the court certifies that the appeal is not taken in good faith, Fed. R. Civ. P. 24(a)(3); 28 U.S.C. § 1915(e), and the court has made no such finding here.

IT IS SO ORDERED.

DATED: This 28th day of December, 2022.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE